UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANASTAISA RENEE,
*also known as Elmer D. Charles, Jr.*,

        Plaintiff,

        v.

RON NEAL, et al.,

        Defendants.

CAUSE NO.: 3:18-CV-592-RLM-MGG

OPINION AND ORDER

Anastaisa Renee, also known as Elmer D. Charles, Jr., a prisoner without a lawyer, filed a complaint against Ron Neal and Robert Carter. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Ms. Renee alleges that she is an individual who identifies as a woman and is incarcerated at the Indiana State Prison. She complains that the defendants have allowed male correctional officers to conduct strip searches of her. In a similar case, the Seventh Circuit found that strip searches conducted

by members of the opposite sex generally do not violate the Constitution based on the following reasoning:

> [F]emale guards are . . . bound to see the male prisoners in states of undress. Frequently. Deliberately. Otherwise they are not doing their jobs. . . . . [F]emale guards are entitled to participate in the normal activities of guarding, including pat-down searches of male inmates.

Johnson v. Phelan, 69 F.3d 144, 146 (7th Cir. 1995). This reasoning applies with equal force to male correctional officers with respect to Ms. Renee. Though conducting strip searches for an improper purpose might violate the Eighth Amendment, Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003), Ms. Renee alleges that the purpose of the strip searches was to prevent contraband from moving through the kitchen, where she was formerly employed. Ms. Renee's strip search allegations do not describe a constitutional violation.

Ms. Renee further alleges that correctional officers refuse to refer to her by her chosen name or by female pronouns. Even assuming that the correctional officers are aware of her preferences, the failure to honor them is, at most, simple verbal harassment, which doesn't rise to the level of a constitutional violation. See DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000).

Ms. Renee also complains that she isn't allowed to purchase feminine clothing, feminine hygiene products, and make-up from the commissary. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). To establish an Eighth Amendment claim, a plaintiff must show that the alleged deprivation or condition of confinement is

"sufficiently serious" such that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[T]he Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). Ms. Renee doesn't explain how not having access to feminine clothing or feminine hygiene products is tantamount to a denial of necessities or why the clothing and hygiene products provided are constitutionally inadequate. These allegations don't describe a constitutional violation.

Ms. Renee vaguely complains that she has been denied sex reassignment surgery. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) her medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to

do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). Though Ms. Renee has Klinefelter syndrome,[1] she doesn't explain why sex reassignment surgery is medically necessary and instead implies that she is not yet ready to undergo the procedure. ECF 1 at 30. Moreover, she doesn't describe the circumstances under which she was denied sex reassignment surgery or how the denial amounted to deliberate indifference. This allegation doesn't state a claim of deliberate indifference to a serious medical need.

Ms. Renee alleges that the failure to transfer her to a women's correctional facility constitutes a violation of the Double Jeopardy Clause and the Equal Protection Clause. "The Double Jeopardy Clause protects . . . against multiple punishments for the same offense." Brown v. Ohio, 432 U.S. 161, 165 (1977). The complaint describes only a single punishment -- incarceration at the Indiana State Prison under the custody of the Indiana Department of Correction. To prevail on an equal protection claim, a plaintiff "must demonstrate intentional or purposeful discrimination." Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir. 1982). She must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." Id. Though the particular group to which Ms. Renee refers is unclear, the complaint doesn't

---

[1] Kleinfelter syndrome is a chromosomal condition that affects male physical and cognitive development. National Institutes of Health, https://ghr.nlm.nih.gov/condition/klinefelter-syndrome (last visited August 10, 2018). Its signs and symptoms vary among affected individuals. Id.

allege facts showing specific actions taken by the defendants for the purpose of causing harm to any plausible identifiable group, including transgender inmates, intersex inmates, inmates who present as women, or inmates with Kleinfelter syndrome. Therefore, the complaint doesn't allege a claim under the Double Jeopardy Clause or the Equal Protection Clause.

Finally, Ms. Renee alleges that she should be transferred due to her fears about rape and sexual abuse from correctional officers and inmates. Under the Eighth Amendment, correctional officials have a duty to protect inmates from violence. Farmer v. Brennan, 511 U.S. 825, 833 (1994). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that [she] was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to [her] health or safety." Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). The plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Id. In failure to protect cases, substantial risks are ones "so great that they are almost certain to materialize if nothing is done." Brown v. Budz, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996). However, "a deliberate indifference claim cannot be predicated merely on

knowledge of general risks of violence in prison." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000).

The allegations of rape and sexual abuse are serious, but Ms. Renee doesn't include enough detail to determine whether the specific risk of rape or sexual abuse to which she is exposed is substantial. Further, she does not indicate whether she informed the defendants of this risk or how they responded or otherwise explain how they were deliberately indifferent. These allegations, without more, do not state a claim upon which relief can be granted.

Though the complaint doesn't state a claim, Ms. Renee may file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form - Prisoner Complaint (INND Rev. 8/16) - is available upon request from the prison law library. Merely because she is permitted to file an amended complaint isn't a reason for her to do so. Ms. Renee should file an amended complaint only if she believes that she can address the deficiencies identified in this order. If she chooses to file an amended complaint, she must put the cause number of this case which is on the first page of this order.

For these reasons, the court GRANTS Anastaisa Renee, until September 14, 2018, to file an amended complaint. If Ms. Renee doesn't

(1) respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on August 13, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT