UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANASTAISA RENEE,
*also known as Elmer D. Charles, Jr.*,

    Plaintiff,

    v.                             CAUSE NO.: 3:18-CV-592-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Anastaisa Renee, also known as Elmer D. Charles, Jr., a prisoner without a lawyer, filed an amended complaint against Ron Neal and Robert Carter. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Ms. Renee alleges that she is an individual who identifies as a woman and is incarcerated at the Indiana State Prison. She alleges that the defendants ordered male correctional officers to conduct strip searches

of kitchen employees, and, as a result, she was searched one hundred sixty times from October 26, 2017, to January 14, 2018. Specifically, she alleges that on each occasion:

- One or two male correctional officers conducted the strip search;

- The officers became excited and sexually aroused as Ms. Renee approached the restroom where the strip searches were conducted;

- Once Ms. Renee entered the bathroom and the door was locked, she could see that the officers had full erections;

- The officers required Ms. Renee to strip and present herself naked in front of them and prevented her from covering herself;

- The officers touched themselves in a sexual manner during the strip search;

- The officers asked Ms. Renee to touch herself in a sexual manner in front of them;

- When Ms. Renee asked to speak with a supervisor, officers told her that Commissioner Carter and Warden Neal authorized use of force against her if she did not comply with their orders;

- Ms. Renee reported this misconduct but was told to take it up with Warden Neal.

According to the amended complaint, when she contacted Warden Neal about the strip searches, he responded that the correctional officers' conduct was simply a normal reaction to seeing naked women and that he believed they had acted professionally. She also contacted Commissioner Carter, but he refused to respond. Instead, he had the acting regional director respond, and the acting regional director refused to take any action.

Ms. Renee further alleges that, throughout her time at the Indiana State Prison, she has been regularly subjected to sexual abuse and harassment from inmates and correctional officers. She reported these incidents to the defendants, but they refused to send her to a women's correctional facility. Instead, they told her that she doesn't deserve to be treated as a woman, blamed her for deciding to present as a woman and exciting the men at the Indiana State Prison, and refused to take any measures to protect her. In addition to money damages, she seeks a transfer to a women's correctional facility and to be searched only by female correctional officers.

Ms. Renee asserts a failure to protect claim against the defendants. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). In the context of failure to protect cases, our court of appeals has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." Brown v. Budz, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996). The

amended complaint clearly states a failure to protect claim against the defendants.

Ms. Renee also alleges that the defendants don't let her buy feminine clothing, feminine hygiene products, make-up, and other items that are available to inmates at a women's correctional facility. She asserts that this deprivation violates her freedom of expression under the First Amendment. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Though the defendants may have legitimate reasons for not allowing Ms. Renee to purchase these items from the commissary, Ms. Renee may proceed on this First Amendment claim at this time.

Ms. Renee further asserts that the denial of commissary items violates her Eighth Amendment rights. The Eighth Amendment prohibits correctional officials from subjecting inmates to conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). To establish an Eighth Amendment claim, a plaintiff must show that the alleged deprivation or condition of confinement is "sufficiently serious" such that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[T]he Constitution does not mandate comfortable prisons," Rhodes

4

v. Chapman, 452 U.S. 337, 349 (1981), but inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). While Ms. Renee may not have access to feminine clothing or feminine hygiene products, she doesn't explain how this deprivation is tantamount to a denial of necessities or why the clothing and hygiene products provided are constitutionally inadequate. The allegations relating to the commissary goods don't describe a violation of her Eighth Amendment rights.

Additionally, Ms. Renee asserts that the denial of commissary items violates her rights under the Equal Protection Clause. To prevail on an equal protection claim, a plaintiff "must demonstrate intentional or purposeful discrimination." Shango v. Jurich, 681 F.2d 1091, 1104 (7th Cir. 1982). She must show "the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Id.* Though the particular group to which Ms. Renee refers is unclear, the complaint doesn't allege facts to suggest that the defendants denied her access to commissary goods for the purpose of causing harm to any plausible identifiable group, including transgender inmates, intersex inmates, inmates who present as women, or

inmates with Kleinfelter syndrome.[1] Therefore, Ms. Renee cannot proceed on an equal protection claim.

Ms. Renee alleges that she needs sex reassignment surgery because she has severe gender dysphoria and Kleinfelter's syndrome but that the defendants denied her requests for sex reassignment surgery based on their religious beliefs. As a result of not undergoing this surgery, she has attempted suicide at least twelve times and has tried to remove her male genitals on her own. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) her medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Though this claim is light on details about her medical care, Ms. Renee adequately states an Eighth Amendment claim of deliberate indifference to serious medical needs.

For these reasons, the court:

(1) GRANTS Anastaisa Renee leave to proceed on a claim against Ron Neal and Robert Carter for money damages and injunctive relief for refusing to protect her from sexual abuse and harassment at the Indiana State Prison in violation of the Eighth Amendment;

---

[1] Kleinfelter syndrome is a chromosomal condition that affects male physical and cognitive development. National Institutes of Health, https://ghr.nlm.nih.gov/condition/klinefelter-syndrome (last visited August 10, 2018). Its signs and symptoms vary among affected individuals. Id.

(2) GRANTS Anastaisa Renee leave to proceed on a claim for money damages and injunctive relief against Ron Neal and Robert Carter for violating her First Amendment right to free expression by preventing her from purchasing commissary goods that are available to inmates at women's correctional facilities; and

(3) GRANTS Anastaisa Renee leave to proceed on a claim against Ron Neal and Robert Carter for money damages and injunctive relief for acting with deliberate indifference towards her need for sex reassignment surgery in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Ron Neal and Robert Carter at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 6) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Ron Neal and Robert Carter respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Anastaisa Renee has been granted leave to proceed in this order.

SO ORDERED on September 17, 2018

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT