UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELMER D. CHARLES, JR.,
*also known as Anastaisa Renee*,

    Plaintiff,

v.

RON NEAL, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-592-RLM-MGG

OPINION AND ORDER

Anastaisa Renee, a prisoner without a lawyer, filed a motion seeking a transfer to a women's correctional facility, which the court construes as a motion for a preliminary injunction. Ms. Renee alleges that she was subjected to disciplinary proceedings and sanctioned in retaliation for another motion for preliminary injunction filed in this case. Ms. Renee, an inmate at the Indiana State Prison who identifies as female, proceeds on several claims based on allegations that prison officials failed to protect her from sexual misconduct, refused to provide gender reassignment surgery, and refused to allow her to purchase goods from the commissary that are available to inmates at women's correctional facilities. ECF 7.

The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc., 149 F.3d 722, 726 (7th Cir.1998). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct

asserted in the complaint." Donelson v. Shearing, 2018 WL 1784468, at *1 (S.D. Ill. Apr. 13, 2018); Johnson v. City of Rock Island, Ill., 2012 WL 5425605, at *1 (C.D. Ill. 2012). The disciplinary proceedings and sanctions are not sufficiently related to the conduct alleged in the complaint. There is some causal connection, but disciplinary proceedings are a fundamentally different kind of injury than the sexual misconduct that has been the primary focus of this case so far. Nor do the disciplinary proceedings and sanctions relate to Ms. Renee's concerns about her medical treatment or access to women's hygiene items. Therefore, the motion for a preliminary injunction is denied.

Ms. Renee also submitted a piece of off-white fabric with orange stains, which she describes as evidence that she was pepper sprayed. She asks that the court reconsider the order denying her previous motion for a preliminary injunction (ECF 49). In that motion, Ms. Renee alleged that, on January 17, 2019, two correctional officers coerced her into removing her clothes by spraying her with pepper spray and then engaged in sexual misconduct. ECF 46. In resolving that motion, the main inquiry was whether these correctional officers engaged in sexual misconduct or whether they merely conducted a routine strip search. Consequently, the issue of whether correctional officers had used pepper spray on Ms. Renee to obtain compliance with their orders was not material in resolving that motion. See Hudson v. McMillian, 503 U.S. 1, 7 (1992) (prison officials may apply force "in a good-faith effort to maintain or restore discipline"). Further, even assuming the authenticity of this evidence, it does little to address the credibility concerns raised by the evolving nature of her description of the

strip search or to discount the investigative findings that were based on review of video surveillance recordings. Therefore, the court declines to reconsider the order denying the previous motion for a preliminary injunction.

Ms. Renee also filed a motion seeking to serve in the Army in lieu of serving the remainder of her criminal sentence. Regardless of the merits of this proposal, the court simply does not have the authority to allow inmates to serve in the Army instead of serving their criminal sentences. As a result, this motion is denied.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 54); and

(2) DENIES the motion for enlistment (ECF 55).

SO ORDERED on April 4, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT